[ORAL ARGUMENT NOT SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TikTok Inc., et al.,<br>    Petitioners,<br><br>v.<br><br>Committee on Foreign Investment in the United States, et al.,<br>    Respondents. | Nos. 20-1444 |

**UNOPPOSED MOTION TO FILE PORTIONS OF THE ADMINISTRATIVE RECORD UNDER SEAL AND PORTIONS OF THE ADMINISTRATIVE RECORD UNDER SEAL AND *EX PARTE***

    The administrative record in this case consists of materials that are not contained in a public rulemaking docket. *See* 50 U.S.C. § 4565(c)(1). Several of those materials are not appropriate for public filing in this case because they contain confidential business information or classified information. Respondents respectfully move for leave to file under seal and *ex parte* one volume of the Administrative Record that contains classified information, and, if the Court requests, one volume that contains confidential business information that should also be filed under seal. Petitioners do not oppose filing confidential business information under seal, but reserve their right to

seek relief from the *ex parte* filing after they have the opportunity to assess the other certified index materials and depending on the government's intent to rely on the classified information.

  **A.** This petition for review, filed under 50 U.S.C. § 4565(e)(2), seeks review of the Presidential Order Regarding the Acquisition of Musical.ly by ByteDance Ltd., 85 Fed. Reg. 51,297 (Aug. 14, 2020), and the related action by the Committee on Foreign Investment in the United States (CFIUS). The certified index was initially due on December 28, 2020, but the government sought an extension to file the index on January 7, 2021.

  **B.** There are three types of material in the administrative record: (1) publicly releasable documents (Volume 1); (2) documents containing proprietary or confidential business information (Volume 2); and (3) classified documents (Volume 3).

    **1.** *Publicly Releasable Documents.* Volume 1 of the administrative record consists of documents that may be released to the public, and the government stands ready to file those documents electronically at the Court's request, per D.C. Circuit Rule 17(b). This portion of the administrative record contains public versions of certain documents that were produced during CFIUS's review of the underlying

transaction—ByteDance's acquisition of Musical.ly—that do not contain confidential business information. *See* 50 U.S.C. § 4565(b)(1), (b)(2).

2. *Non-Public Documents.* Volume 2 of the administrative record consists of documents that contain proprietary or confidential business information and should be filed under seal. These documents were also produced during CFIUS's review of the underlying transaction, but should not be filed publicly. CFIUS's enabling statute provides that information filed with the Committee is not prohibited from being disclosed in a judicial proceeding, "subject to appropriate confidentiality . . . requirements," 50 U.S.C. § 4565(c)(2)(C), and the statute further provides that information in the administrative record that is "subject to privilege or protections under any provision of law" must be maintained under seal, *id.* § 4565(e)(3).

The government will provide petitioners with a copy of the sealed material in volume 2, as needed, which must not be publicly disclosed, per D.C. Circuit Rule 47.1(a). The government also stands ready to file the materials in volume 2 with the Court, at its request, *see* D.C. Cir. R. 17(b).

3. *Classified Information.* Volume 3 of the administrative record consists of classified information. The treatment and handling of classified

information is governed by federal law. *See, e.g.*, Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009). Federal law prohibits the disclosure of classified information except to individuals who have been cleared for access to the information by the head of a federal agency or his designee; who have signed a nondisclosure agreement; and who have a need-to-know the information. *See id.* § 4.1(a), 75 Fed. Reg. at 720. Accordingly, the classified portions of the record may not be disclosed to the public or to petitioners, who have not been cleared for access to classified information and do not have a need-to-know the information.

This classified information is necessary to resolve petitioners' challenge, and the CFIUS statute expressly provides that such classified information "shall be submitted *ex parte* and *in camera* to the court," which the Court must "maintain . . . under seal." 50 U.S.C. § 4565(e)(3). The classified portion of the record should thus be filed by the Court *in camera* and *ex parte*.

Volume 3 of the Administrative Record has been lodged with the Court Security Officer for filing.

**C.** Government counsel sought petitioners' position on the pending motion, and petitioners' counsel indicated that petitioners do not oppose

4

filing under seal information in Volume 2 of the administrative record. As to the classified information in Volume 3 of the administrative record, petitioners' position is as follows:

> Petitioners do not object to Respondents lodging their classified submission on an *ex parte* basis in the first instance, but petitioners reserve their right to seek relief from the *ex parte* filing after they have the opportunity to assess the other certified index materials and depending on the government's intent to rely on the classified information. *See Fares v. Smith*, 901 F.3d 315, 323-25 (D.C. Cir. 2018) (discussing various procedural protections available to address "one-sided" process involving *ex parte* submission of classified information).

Respectfully submitted,

SHARON B. SWINGLE

*/s/ Casen B. Ross*
CASEN B. ROSS
  202.514.1923
  Attorneys, Appellate Staff
  Civil Division, Room 7270
  Department of Justice
  950 Pennsylvania Ave. NW
  Washington, D.C.  20530

January 2021

5

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 829 words, according to the count of Microsoft Word.

                                        */s/ Casen B. Ross*
                                        Casen B. Ross

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, I electronically filed the foregoing Motion to File Portions of the Administrative Record Under Seal and Portions of the Administrative Record Under Seal and *Ex Parte* with the Clerk of the Court through the appellate CM/ECF system. Service was accomplished on registered counsel through the CM/ECF system. Paper copies of Volume 3 of the Administrative Record were lodged with the Court through the Court Information Security Officer.

        */s/ Casen B. Ross*
        CASEN B. ROSS